**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROCK M. POLLOCK,**

    **Plaintiff,**

v.                              **Case No.  8:07-cv-1114-T-27TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  (Doc. 1).  In response, the Commissioner of the United States Social Security Administration has filed a **Motion to Dismiss or in the Alternative Motion for Summary Judgment** (Doc. 13).  Plaintiff has not responded to the motion.  For the reasons set forth herein, the complaint was not filed timely, and this cause should be dismissed.

I.

The relevant procedural history in this case is set forth in the declaration of Patrick J. Herbst, Chief, Court Case Preparation and Review Branch, Office of Hearings and Appeals

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated August 28, 1987.  *See also* M.D. Fla. R. 6.01(c)(21).

(Doc. 13-2 at 1-4), and the June 26, 2006, decision by Administrative Law Judge ("ALJ") Victor L. Cruz. *Id.* at Exh. 1.

On September 8, 2002, Plaintiff filed an application for disability insurance benefits, alleging disability as of September 29, 2000. The claim was denied initially and on reconsideration. An administrative hearing was noticed for July 27, 2004. Plaintiff failed to appear. The ALJ dismissed the request for hearing on November 10, 2004, on a finding that Plaintiff had no good cause for his failure to appear. On a request for review, the Appeals Council vacated that order and remanded the matter for a hearing. The hearing was conducted on April 5, 2006.

By his decision of June 26, 2006, the ALJ determined that while Plaintiff has severe impairments related to lumbar spinal disc disease with radiculopathy, he nonetheless had the residual functional capacity to perform a limited range of light exertional work. Upon this finding and the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. Plaintiff requested a review of the decision, and on October 27, 2006, the Appeals Council denied Plaintiff's request for review. According to Mr. Herbst, notice of the Appeals Council's decision and Plaintiff's right to an appeal was mailed to Plaintiff on that same date. Plaintiff's complaint seeking review was filed in this court on June 27, 2007. There is no record that Plaintiff made any request of the Commissioner for an extension of the time within which to bring this suit.

II.

The statutory deadline for filing a civil action after final denial of a claim for disability benefits is set forth in 42 U.S.C. § 405(g).  Section 405(g) provides in relevant part that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  The sixty-day requirement set forth in § 405(g) is in the nature of a statute of limitations and is subject to equitable tolling.  *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986).

Under § 405(g) and the applicable regulations, Plaintiff was required to have commenced his civil action on or before December 31, 2006.[2]  As noted above, the instant action was commenced on June 27, 2007.  Consequently, it is uncontroverted that Plaintiff did not commence his suit in federal district court within sixty days of the Appeals Council's decision, and the Commissioner did not grant an extension of that sixty-day period.  Therefore, Plaintiff's complaint is timely filed only if equitable tolling is justified.

---

[2]The sixty day time period begins to run when the claimant receives the notice of the decision, which is presumed to be five days after the date of such decision, unless there is a reasonable showing to the contrary.  20 C.F.R. § 422.210(c).  Plaintiff's complaint acknowledges his receipt of the Appeals Council's denial of his request for review, although it does not state when.  Thus, the court has calculated the cut-off date as sixty-five days from the date of the Appeals Council's denial, and the deadline set forth in the Commissioner's motion for the filing of this suit is incorrect.

Because conditions on the waiver of sovereign immunity by the United States must be strictly construed, equitable tolling of a statute of limitations typically is used only in rare cases. *Bowen v. City of New York*, 476 U.S. at 480-81.  It has been allowed in situations where the claimant has actively pursued his or her judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by the Defendant's misconduct into allowing the deadline to pass.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Plaintiff bears the burden of establishing that equitable tolling of the statute of limitations is justified.  *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (habeas context); *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000) (Title VII context).

Here, Plaintiff makes no claim for an equitable tolling, nor does he present any circumstances by which the court could make such a determination.  While this leads to a harsh result, the undisputed facts permit no other conclusion.

Accordingly, I recommend that the court GRANT Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 13) and direct the Clerk to close the file.

          Respectfully submitted this
          20th day of May 2008.

          _____
          THOMAS B. McCOUN III
          UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
The Honorable James D. Whittemore, United States District Judge
Counsel of Record