## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROCK M. POLLOCK,**

        **Plaintiff,**

**v.**                                   **Case No.  8:07-cv-1114-T-27TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable James D.

Whittemore for a Report and Recommendation on the Commissioner's **Motion to Dismiss or**

**in the Alternative Motion for Summary Judgment** (Doc. 13).  By his motion, the

Commissioner seeks an Order dismissing Plaintiff's Complaint as time-barred under 42

U.S.C. § 405(g) because it was not commenced within sixty days after the date of mailing to

Plaintiff notice of the final decision of the Commissioner, nor within any time as extended by

the Appeals Council.[1]  Plaintiff, who is proceeding *pro se*, counters that his Complaint was

filed timely but it was thereafter lost by a court employee and he was not asked to refile it

until six months later (Doc. 20).  In any event, as he calculates the sixty-day period, his initial

---

[1]Specifically, the Commissioner asserts that because Plaintiff failed to meet the time limitations specified in § 405(g), his Complaint must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) or alternatively, under Rule 56.  I have addressed the motion as one in the nature of a Rule 56 motion.

filing was timely and the motion should be denied.  For the reasons set forth herein, the motion should be granted.

I.

A procedural overview of this case proves useful.[2]  On September 8, 2002, Plaintiff filed an application for disability insurance benefits, alleging disability as of September 29, 2000.  The claim was denied initially and on reconsideration.  An administrative hearing was noticed for July 27, 2004.  Plaintiff failed to appear.  The ALJ dismissed the request for hearing on November 10, 2004, finding that Plaintiff did not have good cause for failing to appear.  On a request for review, the Appeals Council vacated that order and remanded the matter for a hearing.  The hearing was conducted on April 5, 2006.  By a decision dated June 26, 2006, the ALJ denied Plaintiff's claim.  (Doc. 13-2 at 8-17).  Plaintiff requested review of the decision, and on October 27, 2006, the Appeals Court denied Plaintiff's request.  *Id.* at 18-20.  According to Patrick J. Herbst, Chief of the Court Case Preparation and Review Branch of the Office of Hearings and Appeals, notice of the Appeals Council's decision and right to appeal was mailed to Plaintiff on the same date.  *Id.* at 3, ¶ 3(a).

By Plaintiff's unverified account, which cannot be disputed by the Commissioner, he mailed the complaint for filing on December 30, 2006.  From proffered correspondence, it appears that the complaint was misplaced in the courthouse.  (Docs. 3, 4).  On June 27, 2007,

---

[2]The facts are set forth in the exhibits to Defendant's motion (Doc. 13-2) and Plaintiff's response (Doc. 20-2), as well as the electronic docket in this cause.  It is worth noting that the Commissioner's timeline is incorrect.

2

Plaintiff again filed his Complaint.  (Doc. 1).  On October 4, 2007, the Commissioner filed his instant motion.  (Doc. 13).  The Plaintiff did not file a response.

On May 20, 2008, the undersigned issued a Report and Recommendation recommending that the district judge grant the Commissioner's motion.  (Doc. 14).  On June 10, 2008, the district judge adopted the Report and Recommendation and granted the Commissioner's Motion to Dismiss.  (Doc. 15).

On June 16, 2008, Plaintiff filed a Motion for Reconsideration to Reopen Case. (Doc. 16).  By that pleading, Plaintiff sought reconsideration of the district judge's Order on the ground that he had not received or been served with a copy of the Motion to Dismiss and would like an opportunity to respond.  The Commissioner agreed.  (Doc. 17).  The district judge granted Plaintiff's motion on July 1, 2008.  (Doc. 18).

On July 25, 2008, Plaintiff filed his unverified response to the Commissioner's Motion to Dismiss, urging that the motion be denied and that his appeal be permitted to proceed.  (Doc. 20).[3]

---

[3]By his response, Plaintiff initially disputes the Commissioner's assertion that the "final decision" in his case was rendered on June 26, 2006, the date of the ALJ's decision. Rather, Plaintiff contends that the "final decision" was rendered on October 27, 2006, the date the Appeals Council denied his request for review.  As such, Plaintiff contends that the 60-day limitations period did not begin to run until that time.  By his calculation, which employs the 65-day method employed by the Commissioner, he had until December 31, 2006, to file his appeal.  However, Plaintiff also asserts that, "[w]ith holidays like Thanksgiving, Christmas Eve, Christmas Day, and New Years Day all which are considered (Legal Holidays), my date to file said complaint would be January 4, 2007."  (Doc. 20 at 3). According to Plaintiff, he timely filed his Complaint by sending it to the Clerk's Office by certified mail on December 30, 2006.  He proffers the certified mail return receipt showing that a court employee signed for [the Complaint] on January 3, 2007, (as well as the return receipts from the Social Security Administration, the Office of the Attorney General, and United States Attorney, all of which indicate a receipt date of January 3 or 4, 2007).  *See*

On November 4, 2008, the undersigned entered an Order advising the parties that the Commissioner's instant motion would be treated as one for summary judgment and it would be taken under advisement within twenty days.  The parties were advised further that they could file additional affidavits and/or documents within the purview of Federal Rule of Civil Procedure 56 within that period.  (Doc. 21).  As of the date of this report, neither party has filed additional documentation.

II.

A.

The Commissioner seeks to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) or in the alternative, pursuant to Rule 56.  Under Rule 12(b), if matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim and those matters are considered by the court, the court must treat the motion as one for summary judgment, pursuant to Rule 56, and allow the parties "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  Because matters outside the pleadings have been presented and considered by the court, the Commissioner's motion is treated as a motion for summary judgment.  The parties have been provided adequate notice under Rule 56(c).  *See* (Doc. 21).

The court shall grant summary judgment for the moving party only when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter

---

(Doc. 20-2).   In essence, Plaintiff maintains that his complaint was filed within the allotted sixty-five days and he should not be penalized because a court employee lost his Complaint.

of law." Fed. R. Civ. P. 56(c).  The court may look to "the pleadings, the discovery and disclosure materials on file, and any affidavits" in determining whether summary judgment is appropriate.  Fed. R. Civ. P. 56(c).  The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 324; *Howard v. BP Oil Co.,* 32 F.3d 520, 524 (11th Cir. 1994).  The non-movant must designate specific facts showing a genuine issue for trial beyond mere allegations or the party's perception. *Perkins v. Sch. Bd. of Pinellas County*, 902 F. Supp. 1503, 1505 (M.D. Fla. 1995).  It must set forth, by affidavit or other appropriate means, specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e)(2).

When deciding a motion for summary judgment, "[i]t is not part of the court's function . . . to decide issues of material fact, but rather determine whether such issues exist to be tried . . ." and "[t]he court must avoid weighing conflicting evidence or making credibility determinations."  *Hairston*, 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)).  The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried.  *Hairston*, 9 F.3d at 921; *see also Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). All the evidence and inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997).

B.

The statutory deadline for filing a civil action after the final denial of a claim for

disability insurance benefits is set forth in 42 U.S.C. § 405(g), which provides in relevant

part:

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party . . . may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him
> of notice of such decision or within such further time as the
> Commissioner of Social Security may allow."

42 U.S.C. § 405(g).  The 60-day time period begins to run when a claimant receives the notice

of the decision, which is presumed to be 5 days after the date of such decision, unless there is

a reasonable showing to the contrary.  20 C.F.R. §§ 404.901, 422.210(c).  The Commissioner

has interpreted this provision to mean that a complaint is timely filed if it is filed within 65

days of the date on the Appeals Council's notice.  20 C.F.R. §§ 404.901, 404.981, 422.210(c).

The 60-day requirement set forth in § 405(g) is in the nature of a statute of

limitations and is subject to equitable tolling.  *Bowen v. City of New York*, 476 U.S. 467, 478-

480, (1986).  Because conditions on the waiver of sovereign immunity by the United States

must be strictly construed, equitable tolling of a statute of limitations typically is used only in

rare cases.  *City of New York*, 476 U.S. at 480-81.  The Eleventh Circuit has held that

"traditional equitable tolling principles require a claimant to justify her untimely filing by a

showing of extraordinary circumstances."  *Jackson v. Astrue*, 506 F.3d 1349, 1353 (2007).

This standard may be met "where the defendant misleads the plaintiff, allowing the statutory

period to lapse; or when the plaintiff has no reasonable way of discovering the wrong

perpetrated against her. . . ." *Id.* (quoting *Waller v. Comm'r of Soc. Sec.*, 168 Fed. Appx. 919, 922 (11th Cir. 2006) (unpublished opinion); *see also id.* at 1355 ("And traditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment.").  The plaintiff bears the burden of establishing that equitable tolling of the statute of limitations is justified.  *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (habeas context); *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000) (Title VII context).

## III.

While the Commissioner's argument is based on a faulty and incorrect timeline, his central argument, namely, that the complaint was not timely filed, has merit.  In this case, the Appeals Council mailed notice of its final decision to the Plaintiff on October 27, 2006.  *See* (Doc. 13-2 at 18-20).  Under the applicable regulation, Plaintiff is presumed to have received the notice on November 1, 2006, and Plaintiff has made no claim or showing to the contrary. Consequently, to have timely brought this action under § 405(g) and the applicable regulations, Plaintiff was required to have filed his Complaint on or before December 31, 2006.[4]  As noted above, Plaintiff agrees.  (Doc. 20 at 3).  That day, however, fell on a Sunday. Pursuant to Rule 6(a)(3), the complaint was due the next day.[5]  However, the next day,

---

[4]A complaint is "filed" by delivering it to the clerk or to a judge who agrees to accept it. Fed. R. Civ. P. 5(d)(2).  To the extent that Plaintiff suggests that he timely filed his Complaint by mailing it on December 30, 2006, he is incorrect.

[5]Rule 6 provides: "Computing Time.  The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute: . . . (3) *Last*

January 1, 2007, was a legal holiday.  As such, Plaintiff's action had to be commenced by

January 2, 2007.  In a light most favorable to the Plaintiff, his proffered return receipt reveals

that a court employee acknowledged receipt of his Complaint on January 3, 2007, one day

beyond the statutory 60-day limit.  Plaintiff's argument that he had a few extra days for filing

due to the intervening holidays is neither persuasive nor correct given that such days are not

excluded from the calculation under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P.

6.  Consequently, unless equitable tolling is applicable, Plaintiff's Complaint is time barred.

Here, the Commissioner urges there are no circumstances that justify the equitable

tolling of the 60-day requirement.  Although Plaintiff does not raise the issue of equitable

tolling, in light of his *pro se* status, it should be considered.  Plaintiff does not allege that he

lacked notice of the filing requirements.  Notably, Plaintiff concedes that the limitations

period required that he commence his action by December 31, 2006.  Plaintiff's error in

assuming that the intervening legal holidays would be excluded from the 60-day limitations

period fails to save his claim.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)

(Title VII context) ("principles of equitable tolling . . . do not extend to what is at best a

garden variety claim of excusable neglect").  Nor does Plaintiff allege or establish that the

notice he received was defective, or that there was any misconduct on the part of the

Commissioner.  Furthermore, this is not a circumstance where the loss of his Complaint by

the court, assuming that is what happened here, offers Plaintiff any consolation.  Even by his

---

*Day.*  Include the last day of the period unless it is a Saturday, Sunday, legal holiday, . . .
When the last day is excluded, the period runs until the end of the next day that is not a
Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible."  Fed. R. Civ.
P. 6(a)(3).

calculations, that "lost" complaint was untimely.  Here, by his own account, Plaintiff chose

not to mail his Complaint until December 30, 2006.  It was received at the courthouse January

3, 2007.  Under the facts at hand and despite the harsh result, Plaintiff has not shown

extraordinary circumstances warranting entitlement to equitable tolling.  *See Jackson*, 506

F.3d at 1358 (affirming district court's dismissal of complaint where complaint filed 22 days

after § 405(g)'s statute of limitations had expired and no extraordinary circumstances shown

establishing entitlement to equitable tolling); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437

(6th Cir. 2007) (concluding claimant not entitled to equitable tolling of 60-day period in

which to file for court review where complaint filed one day late but claimant noticed of

limitations period, did not request extension from Appeals Council, and did not offer excuse

for missing deadline); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D. N.Y. 2002)

(finding equitable tolling unwarranted where attorney miscalculated deadline and filed

complaint one day late); *Burkett v. Apfel*, No. 97 CIV 4019, 1998 WL 846753 (S.D. N.Y.

Dec. 4, 1998) (attorney's mistake in filing action one day late does not support equitable

tolling); *Price v. Shalala*, No. 93-6651-CIV-ZLOCH, 1994 WL 543030, *2 (S.D. Fla. 1994);

*but see Hernandez v. Sullivan*, No. 91 Civ. 1836 (LBS), 1991 WL 243451 (S.D. N.Y. Nov. 8,

1991) (finding 60-day limitations period equitably tolled where pro se plaintiff received

conflicting information on deadline for filing complaint).

The Supreme Court has affirmed that the 60-day limitation in § 205 (g) "is a

condition on the waiver of sovereign immunity and thus must be strictly construed."  *Bowen*

*v. City of New York*, 476 U.S. at 479.  That being the case and there being no basis for

equitable tolling, Plaintiff's Complaint is appropriately dismissed as a matter of law.

IV.

Accordingly, for the foregoing reasons, it is RECOMMENDED that the

Commissioner's **Motion to Dismiss or in the Alternative Motion for Summary Judgment**

(Doc. 13) be **GRANTED** and that the Complaint be **DISMISSED** with prejudice.

Respectfully submitted on this
11th day of December 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations

contained in this report within ten days from the date of its service shall bar an aggrieved

party from attacking the factual findings on appeal and a *de novo* determination by a district

judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P.

6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record
Pro se Plaintiff