UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCK M. POLLOCK,

    Plaintiff,

vs.                                             Case No. 8:07-cv-1114-T-27TBM

MICHAEL J. ASTRUE, Commissioner of the
United States Social Security Administration,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that the Commissioner's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Dkt. 13) be granted (Dkt. 22). Plaintiff has filed objections to the Report and Recommendation (Dkt. 23).

The Commissioner moves to dismiss Plaintiff's Complaint as untimely. The procedural history and factual background are fully set forth in the Magistrate Judge's thorough and well-reasoned Report and Recommendation. As the Magistrate Judge determined, Plaintiff's Complaint was required to be filed on or before December 31, 2006. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.901, 404.981, 422.210(c). Because December 31, 2006 was a Sunday, the Complaint was due on the next day, January 1, 2007. *See* Fed. R. Civ. P. 6(a)(3). Because January 1, 2007 was a legal holiday, however, the Complaint was due on the following day, January 2, 2007. *See id.*

Although not argued by Plaintiff and thus not considered by the Magistrate Judge, this Court notes that the Sam M. Gibbons United States Courthouse was closed on January 2, 2007, as it was

1

a national day of mourning for President Gerald R. Ford.[1] *See* Exec. Order No. 13,421, 72 Fed. Reg. 423 (Jan. 4, 2007). Accordingly, pursuant to Rule 6, January 2, 2007 is properly excluded as the deadline, as it was a day on which "conditions ma[d]e the clerk's office inaccessible." Fed. R. Civ. P. 6(a)(3); *see also Padilla v. Bechtel Const. Co.*, No. 06-cv-286, 2007 WL 625927, at *1 n.3 (D. Ariz. Feb. 27, 2007) (excluding national day of mourning from computation under Rule 6); *Darby v. Potter*, No. 04-2723, 2005 WL 840466, at *2 (E.D.La. Apr. 7, 2005) (same).

Plaintiff's Complaint was therefore timely filed when received on January 3, 2007. *Id.* The Commissioner's motion is therefore DENIED.

After careful consideration of Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted in part and rejected in part as set forth herein. Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 22) is adopted in part and rejected in part as set forth herein, and is made a part of this order for all purposes, including appellate review.

2) The Commissioner's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Dkt. 13) (Dkt. XX) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on this 14th day of January, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Plaintiff

---

[1] Although courts should not serve as *de facto* counsel for parties, "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). This Court therefore applies the law as it stands to Plaintiff's argument regarding timeliness.