UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCK M. POLLOCK,

    Plaintiff,

v.                                            Case No: 8:07-CV-1114-T-27TBM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation ("R&R") submitted by United States Magistrate Judge Thomas B. McCoun, III (Dkt. 33) recommending that the decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits be reversed and remanded for further proceedings. The Commissioner filed objections to the R&R. (Dkt. 34). After an independent review, the Court agrees with the Report and Recommendation.

The District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While the Court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Department of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991)).

The Commissioner objects to the Magistrate Judge's application of what he describes (apparently in accordance with Ninth Circuit parlance) as the "credit as true" rule adopted in *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986). Ordinarily, a treating physician's opinion must be given considerable weight unless good cause is shown to the contrary, and the Commissioner must clearly articulate any reasons for giving it less weight. *See MacGregor*, 786 F.2d at 1053.[1] In *MacGregor*, the Eleventh Circuit adopted the rule that, if the Commissioner "has ignored or failed properly to refute a treating physician's testimony," the Commissioner has accepted it as true as a matter of law. *Id.*[2] The Commissioner complains that *MacGregor* Court offered no explanation for the rule and contends that, because the rule compels the payment of benefits without a statutory basis, "the judiciary was powerless to create the [rule]." (Dkt. 34 at 3). Furthermore, the Commissioner argues that application of the rule is particularly objectionable here because a remand with instructions to accept Dr. Cernovich's opinion as true is tantamount to an award of all benefits claimed. Accordingly, the Commissioner contends that, if the Court determines that remand is required, the Court should find the "flawed" *MacGregor* rule inapplicable and remand for a *de novo*

---

[1] *See also Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error.") (citing *MacGregor*, 786 F.2d at 1053).

[2] *See also Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

2

hearing.

As *MacGregor* is binding precedent in this Circuit, the Commissioner's argument that the Eleventh Circuit lacked power to adopt the rule is unavailing in this Court.[3] Moreover, whether application of the rule here is tantamount to an award of all benefits claimed is a decision for the Commissioner in the first instance. The court may reverse the decision of the Commissioner and direct an award of benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes eligibility without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Here, eligibility has not been established beyond any doubt, as Dr. Cernovich's ultimate conclusion that Plaintiff was totally disabled is not necessarily determinative. *See* 20 C.F.R. § 404.1527(e)(1); Social Security Ruling 96-5p, 1996 WL 374183 (July 2, 1996); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986); *see also* Dkt. 32 at 15-16.

In sum, the Commissioner's objections are overruled. After careful consideration of the Report and Recommendation in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that:

1) The Report and Recommendation (Dkt. 33) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) The decision of the Defendant Commissioner is **REVERSED** and **REMANDED** for

---

[3] Apparently, the Commissioner recently asserted a similar argument before the U.S. Court of Appeals for the Ninth Circuit. *See Vasquez v. Astrue*, 572 F.3d 586, 601-602 (9th Cir. 2009) (O'Scannlain, J., dissenting) (declining to address government's argument that the Ninth Circuit's credit-as-true rule "is invalid because it is contrary to both statute and Supreme Court precedent" but noting that the argument "appears strong").

further proceedings consistent with the Report and Recommendation pursuant to Sentence Four, 42 U.S.C. § 405(g).

3) The Clerk is directed to enter final judgment in favor of Plaintiff pursuant to Sentence Four, 42 U.S.C. § 405(g), and *Newsome v. Shalala*, 8 F.3d 775 (11th Cir. 1993).

4) Pursuant to *Bergen v. Commissioner*, 454 F.3d 1273, 1277-78 (11th Cir. 2006), proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand. Plaintiff may file a motion to award fees under Section 406(b) within 14 days after counsel receives notice from the Defendant Commissioner of a determination as to Plaintiff's past due benefits. This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412.

5) All pending motions are **DENIED** as moot.

6) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 3rd day of March, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Plaintiff; Counsel of Record

4